UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR DANTZLER,<br><br>  Plaintiff,<br><br>  v.<br><br>TANGIPAHOA PARISH SCHOOL BOARD, *et al.*,<br><br>  Defendants. | Case No. 1:20-cv-01629 (TNM) |

**ORDER**

Plaintiff Oscar Dantzler filed his complaint against numerous defendants, including (as relevant here), John Bel Edwards, N.A.A.C.P. Office, Michael McClanahan, and Derrick Johnson. *See* ECF No. 1. Documentation suggesting proof of service was filed as to these defendants, *see* 9/14/2020 Return of Service, ECF No. 14, and the time for each of these Defendants to file a response to the complaint has since expired, *see* 2/8/2021 Min. Order; Fed. R. Civ. P. 12(a)(1) ("Unless another time is specified by this rule or a federal statute, . . . [a] defendant must serve an answer... within 21 days after being served with the summons and complaint . . . ."). Yet these Defendants have not responded to the complaint and Dantzler has not filed for entry of default.

On February 8, 2021, the Court ordered Dantzler to, "by February 22, 2021, SHOW CAUSE as to why the claims against these Defendants should not be dismissed for failure to prosecute." 2/8/2021 Min. Order. That order warned Dantzler that "[f]ailure to comply with this Order may result in dismissal of this action, without further notice, for failure to prosecute." *Id.*; LCvR 83.23. To date, Dantzler has not responded to the Court's show cause order or invoked

the appropriate procedures for entry of default pursuant to Federal Rule of Civil Procedure 55. *See* 2/8/2021 Min. Order.

Accordingly, pursuant to Local Civil Rule 83.23, the Court will dismiss the claims against these Defendants without prejudice for failure to prosecute. As these are the only remaining defendants, their dismissal will result in the closing of this case.[1] For the foregoing reasons, it is hereby

**ORDERED** that, under Local Civil Rule 83.23, the claims against Defendants John Bel Edwards, N.A.A.C.P. Office, Michael McClanahan, and Derrick Johnson shall be DISMISSED without prejudice for failure to prosecute; it is further

**ORDERED** that the Federal Defendants' [22] Motion to Reassign Case is DENIED AS MOOT.

**SO ORDERED**.

The Clerk is requested to close this case. This is a final, appealable Order.

Dated: March 9, 2021                                                   TREVOR N. McFADDEN, U.S.D.J.

---

[1] The Federal Defendants' Motion to Reassign Case, *see* ECF No. 22, is moot because the case was subsequently directly reassigned to this Court, *see* ECF No. 23.